DONGELL LAWRENCE FINNEY LLP
JOHN A. LAWRENCE (SBN 073395)
jlawrence@dlflawyers.com
MATTHEW CLARK BURES (SBN 143361)
EDGAR MARTIROSYAN (SBN 260250)
BENJAMIN L. CAPLAN (SBN 265179)
707 Wilshire Blvd., 45th Floor
Los Angeles, California 90017
Telephone: (213) 943-6100
Facsimile: (213) 943-6101

Attorneys for,
Michael Ian Blakey, aka Michael Blake, aka Lord Michael Blakey, an individual; Michael Blakey, Inc., a California corporation; The Michael Blakey Revocable Trust, a trust, Michael Blakey Trust, a trust; The Blake Revocable Trust, a trust; Blake Trust, a trust; Organica Music Group, LLC, a Nevada limited liability company; and Electra Star Management, LLC, a California limited liability company.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

| | |
|---|---|
| PETER FODOR, an Individual; BARBARA FODOR, an Individual; and CHANEL AIR LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL IAN BLAKEY, et al., <br><br> Defendants. | Case No.: CV11-08496 <br><br> Hon. Margaret M. Morrow <br><br> **REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT** <br><br> Date: Feb. 27, 2012 <br> Time: 10:00 AM <br> Dept.: CR 780 <br><br> ACTION FILED: October 13, 2011 <br> TRIAL DATE: None Set |

/ / /

/ / /

/ / /

/ / /

/ / /

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION
FOR MORE DEFINITE STATEMENT

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................1

II.    ARGUMENT.............................................................................................1

    A.    Plaintiffs Misstate the Legal Standard on a Motion to Dismiss ..................1

    B.    Plaintiffs Have Failed To Respond to Basic Arguments Contained in the Motion to Dismiss..................................................................................3

        1.    Plaintiffs Fail to Plead Loss Causation.....................................................3

        2.    Plaintiffs Fail to Plead Breach of Contract................................................3

        3.    Plaintiffs Have Not Clarified What they are Asking this Court to Declare 4

    C.    Plaintiffs' 10b-5 Securities Fraud Claim Fails to Satisfy the Heightened Pleading Requirements of the PSLRA ......................................5

    D.    Plaintiffs Fail to Plead Fraud With Specificity...........................................8

        1.    Plaintiffs Have Not Pleaded '33 Act Claims.............................................9

        2.    '33 Act Claims Are Subject to Rule 9(b)................................................10

        3.    The Statute of Limitations Have Run on all Potential '33 Act Claims ...11

III.    CONCLUSION .......................................................................................13

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Bell Atl. Corp. v. Twombly*

    550 U.S. 544 (2007) ................................................................................2

*Conley v. Gibson*

    355 U.S. 41, (1957).............................................................................1, 2

*Countrywide Fin. Corp. Sec. Litig.*

    588 F. Supp. 2d  (C.D. Cal. 2008)......................................................11

*Countrywide Fin. Corp. Sec. Litig.*

    CV07-05295-MRP MANX, 2009 WL 943271 (C.D. Cal. Apr. 6, 2009)...........12

*Daou Sys., Inc.*

    411 F.3d (9th Cir. 2005) ........................................................................6

*Falkowski v. Imation Corp.*

    309 F.3d (9th Cir. 2002) ..................................................................7, 10

*First Commercial Mortgage Co. v. Reece*

    89 Cal.App.4th (2001) ...........................................................................4

*Frison v. WMC Mortg. Corp.*

    09CV1733LAB NLS, 2010 WL 3894980 (S.D. Cal. Sept. 30, 2010) .................2

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*

    100 F. Supp. 2d (C.D. Cal. 1999) .........................................................9

*Gustafson v. Alloyd Co., Inc.*

    513 U.S. (1995)....................................................................................11

*Immune Response Sec. Litig.*

    375 F. Supp. 2d (S.D. Cal. 2005) .......................................................10

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*

    540 F.3d (9th Cir. 2008) ....................................................................3, 7

*Moss v. U.S. Secret Serv.*

    572 F.3d 962, 968 (9th Cir. 2009) ........................................................2

ii

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION
FOR MORE DEFINITE STATEMENT

*Neubronner v. Milken*

   6 F.3d (9th Cir. 1993) ................................................................................8

*Ronconi v. Larkin*

   253 F.3d (9th Cir. 2001) .............................................................................7

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*

   806 F.2d (9th Cir. 1986) ...........................................................................11

*Skelly Oil Co. v. Phillips Petroleum Co.*

   339 U.S. (1950)..........................................................................................10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*

   551 U.S. (2007)............................................................................................5

## Statutes

Private Securities Litigation Reform Act ......................................................1

15 U.S.C. § 78j ........................................................................................5, 10

28 U.S.C. 1367(a) .......................................................................................10

28 U.S.C.A. § 2201......................................................................................10

15 U.S.C. §§ 78u–4(b)(1) 78u–4(b)(2)..........................................................5

California Penal Code § 496(c) ...................................................................10

Private Securities Litigation Reform Act

   15 U.S.C.A. § 78u-4 ....................................................................................5

## Rules

Federal Rule of Civil Procedure 12(e)........................................................1, 4

Federal Rule of Civil Procedure 12(b)(6)......................................................2

Federal Rule of Civil Procedure Rule 9(b)..........................................1, 6, 8

Federal Rule of Civil Procedure Rule 8 ........................................................1

iii

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION
FOR MORE DEFINITE STATEMENT

Defendants Michael Ian Blakey and the various entities designated by Plaintiffs as the "Blakey Entities" (collectively "Moving Defendants"), hereby submit their Reply in support of their Motion to Dismiss the Complaint of Plaintiffs Peter and Barbara Fodor and Chanel Air, LLC (collectively "Plaintiffs") pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6).

## I.   INTRODUCTION

In their Motion to Dismiss, Moving Defendants challenged the sufficiency of Plaintiffs' Complaint on a number of grounds.  Moving Defendants explained that Plaintiffs had failed to plead basic elements of their claims in conformity with Federal Rule of Civil Procedure ("FRCP") Rule 8, and that Plaintiffs' allegations failed to meet the heightened pleading standards of FRCP Rule 9(b) ("Rule 9(b)") and the Private Securities Litigation Reform Act ("PSLRA").  Moving Defendants further moved pursuant to FRCP Rule 12(e) for a more definite statement as to Plaintiffs' eighth claim for Declaratory Relief.

In their Opposition ("Opp."), Plaintiffs misconstrue several of Moving Defendants' arguments, and ignore others altogether.  When they attempt to actually address Moving Defendants' points, they do so in a cursory and perfunctory manner, and their arguments are largely unsupported by either reason or authority.  Moreover, much of Plaintiffs' Opposition is devoted to a discussion of claims under the 1933 Securities Act, which Plaintiffs have not actually pled, and indeed cannot bring as they are conclusively barred by the relevant statutes of limitation.

The Court should dismiss all of Plaintiffs' claims without leave to amend.

## II.   ARGUMENT

### A.   <u>**Plaintiffs Misstate the Legal Standard on a Motion to Dismiss**</u>

As an initial matter, Plaintiffs' Opposition relies, in large part, on the Court's willingness to read new claims into their Complaint.  Plaintiff cites *Conley v. Gibson,* 355 U.S. 41, (1957) for the proposition that a complaint should not be

1

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Opp. at 2:22-27.  Presumably, Plaintiffs are arguing that, based on *Conley*, the Court should hold that they have adequately pleaded additional, unstated claims based on the assortment of general allegations scattered haphazardly throughout their Complaint.

*Conley,* however, is no longer good law.  In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explicitly abrogated *Conley,* and concluded that *Conley*'s "no set of facts" refrain "is best forgotten as an incomplete, negative gloss on an accepted pleading standard...." *Id.* at 563; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 968 (9th Cir. 2009).  Following *Twombly's* express rejection, "*Conley'* s holding is no longer good law."  *Frison v. WMC Mortg. Corp.*, 09CV1733LAB NLS, 2010 WL 3894980 (S.D. Cal. Sept. 30, 2010).  To survive a motion to dismiss, plaintiffs must now allege enough facts to state a claim for relief that is plausible on its face, rather than merely possible.  *Twombly*, 550 U.S. at 570.

Plaintiffs' misunderstanding of the operative FRCP 12(b)(6) standard is highly problematic, in that Plaintiffs' appear to expect this Court to infer entirely new claims neither pled, mentioned, nor otherwise addressed in their Complaint. Specifically, Plaintiffs argue that their myriad attempted claims are, despite all indications to the contrary, federal claims for relief arising under the 1933 Securities Act.  Opp. at 3:13- 6:13.  However, even were Plaintiffs entitled to bring these claims (which they are not, as discussed in sub-section "E" below), each of these counts requires particularized allegations that Plaintiffs have simply not pled. Under *Twombly* it is no longer enough to plead claims that are merely consistent with a conceivable claim for relief – a Complaint needs to plead facts making entitlement to relief *plausible.  Twombly*, 550 U.S. at 545.  Neither Moving Defendants nor this Court are required to perform Plaintiffs' legal work, and infer every possible claim from a wide assortment of disjointed allegations.

2

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

### B.   Plaintiffs Have Failed To Respond to Basic Arguments Contained in the Motion to Dismiss

In their Motion to Dismiss, Moving Defendants pointed out that Plaintiffs' Complaint omits basic allegations essential to several of their stated claims for relief.  Plaintiffs have either ignored these points entirely, or responded in conclusory and shallow fashion, and without citations to any relevant or persuasive authority.

### 1.   Plaintiffs Fail to Plead Loss Causation

Plaintiffs' first claim for relief is for Securities Fraud under Rule 10b-5.  A necessary element of this claim is "loss causation."  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1062 (9th Cir. 2008).  Failure to properly plead loss causation is grounds for dismissal of a 10b-5 action.  *Id.*  As Moving Defendants argued in their Motion, Plaintiffs simply do not plead any facts – conclusory or otherwise – giving rise to an inference of loss causation.  (Mot. at 14:4 – 15:7).  On this ground alone, Plaintiffs' first claim for relief is deficient, and must be dismissed.[1]

In their Opposition, Plaintiffs fail to address this argument at all.  Accordingly, this Court should dismiss Plaintiffs' first claim for relief as improperly plead.

### 2.   Plaintiffs Fail to Plead Breach of Contract

Plaintiffs' second claim for relief for Breach of Contract is deficient because Plaintiffs do not allege the existence of either a contract or a breach.  See Mot. at 15:22 – 16:10.  In their Opposition, Plaintiffs' do not shed any further light on this

---

[1] It should be noted that for reasons well beyond insufficient pleading, Plaintiffs' choice to bring this action as a 10b-5 Securities Claim is a highly questionable move, likely in violation of FRCP Rule 11(b).  However, at least for purposes of the current motion, Moving Defendants assume that the claim is not frivolous on its face.

3

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

issue. The entirety of their discussion is limited to a single sentence, where they state that "[t]he various investments and the investment contract of Lord Blakey as to the services he would perform for each investment, and the breach of those contracts is alleged in detail as discussed above." Opp. at 8:3-6. This is not helpful. While Plaintiffs have alleged – in largely conclusory fashion – a vague course of dealings and/or personal interactions stretching over a period of years, they have not identified any "investment contracts," much less the terms of any such contracts.

Pleading breach of contract is not an onerous task. Plaintiffs need only plead facts showing a valid contract, its terms, an unexcused breach of those terms, and damage. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). However, Plaintiffs have failed to meet this minimal burden, and their second claim for relief must therefore be dismissed.

### 3. Plaintiffs Have Not Clarified What they are Asking this Court to Declare

In conjunction with their request for dismissal, Moving Defendants moved this Court pursuant to FRCP 12(e) for a more definite statement as to Plaintiffs' eighth claim for Declaratory Relief. Moving Defendants made such a motion because they are unable to determine from Plaintiffs' pleadings what actual controversy Plaintiffs are asking this Court to resolve via a declaratory judgment.

In their Opposition, Plaintiffs appear to begin to respond to this issue, but then stop mid-sentence. Opp. at 11:1-7 ("Here, Plaintiffs claim…"). While perhaps a drafting error on Plaintiffs' part, Plaintiffs fail to shed any light on the nature of this claim. Accordingly, Moving Defendants remain entitled to a more definite statement, if not outright dismissal of the claim.

4

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

## C.   Plaintiffs' 10b-5 Securities Fraud Claim Fails to Satisfy the Heightened Pleading Requirements of the PSLRA

Plaintiffs' first claim for relief, for "Damages Under 15 U.S.C. § 78j," ("10b-5 Securities Fraud") fails to satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act, 15 U.S.C.A. § 78u-4 ("PSLRA"),.[2] Under the PSLRA's heightened pleading instructions, any private securities complaint alleging that a defendant made a false or misleading statement must: (1) specify each statement alleged to have been misleading, and the reason or reasons why the statement is misleading; and (2) state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.  15 U.S.C. §§ 78u–4(b)(1) 78u–4(b)(2); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007).

As Moving Defendants noted in their Motion, Plaintiffs merely allege a hodgepodge of scattershot allegations of purported misstatements by Mr. Blakey, without providing any specificity as to the manner, expression, or context of these statements.  Furthermore, Plaintiffs fail to state any facts indicating why these statements were supposedly misleading, or any facts that give rise to a "strong inference" of scienter.  Rather than address these defects in their Opposition, Plaintiffs merely rehash a number of their allegations and claim, without authority, that "this is all sufficient detail for the PSLRA."  Opp. at 7:25-26.  Plaintiffs are wrong.

---

[2] In their Opposition, Plaintiffs inaccurately assert that Moving Defendants are attempting to apply the heightened pleading requirements of the PSLRA to all of their claims.  In fact, Defendants clearly limit their application of the PSLRA to Plaintiffs' 10-b Securities Fraud claim.  See Motion to Dismiss (Mot.) at 12:1-14:3. However, Defendants do argue that Plaintiffs' remaining claims sounding in fraud must conform to the (different) heightened pleading requirements of FRCP 9(b), which Plaintiffs appear to confuse with the PSLRA.

5

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

The PSLRA imposes heightened pleading standards on the falsity and scienter elements underlying a 10b-5 Securities Fraud claim. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1014 (9th Cir. 2005).  The remaining elements are governed by Rule 9(b). *Id.*  Plaintiffs' analysis (which does not mention, and appears to all but ignore the existence of Rule 9(b)) conflates the separate requirements.  As a consequence, Plaintiffs allege a number of facts in their discussion of the PSLRA that do not have any bearing on falsity or scienter.  For example, Plaintiffs state that "The Don Johnson Record deal cost $50,000 for which no record was produced, meaning nothing at all was received for the Fodors' investment."  Opp. at 7:3-5.  While such an allegation may relate to damage, it does not provide the relevant details necessary to satisfy the PSLRA.  There is no allegation of a specific false statement by Blakey, nor facts showing why such statement was false at the time it was made, nor facts giving rise to a strong inference that Blakey was aware that the statement was false when he made it.  Without such details, the purported "Don Johnson record deal" investment does not pass muster under the PSLRA.  This deficiency is endemic to each of the alleged "investments" discussed in the Complaint.

This is not to say that Plaintiffs do not cite any allegedly false statements in their Complaint.  In their Opposition, they sum some of up these statements, including:

(1) Allegedly false statements by Blakey that he would invest an equal amount of money as the Fodors in various investments.  Opp. at 7:8-11.

(2) Allegedly false representations by Blakey that he had extensive experience and great success as an advisor.  Opp. at 7:21.

(3) Alleged guarantees that (non-specific) investments were performing as promised.  Opp. at 7:22-23.

/ / /

/ / /

6

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION
FOR MORE DEFINITE STATEMENT

(4) Alleged promises that a (non-specific) investment was "freely transferable." Opp. at 7:23-24.[3]

However, none of these alleged misstatements approaches the specificity required under the PSLRA. The PSLRA has exacting requirements for pleading "falsity." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008). "A litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false, does not meet this standard." *Id.* Plaintiffs' pleadings are ambiguous as to the falsity of several of the statements. To cite just one example, Plaintiffs have alleged that Blakey claimed "extensive experience and great success" in previous investments. However, they have failed to provide the additional allegation that this claim was false. Moreover, even were Plaintiffs to add a conclusory allegation of falsity upon amendment, their Securities Fraud claim would still fall short of the PSLRA because they have not set forth any facts showing *why* they believe the statement to be false. *See also Falkowski v. Imation Corp.*, 309 F.3d 1123, 1133 (9th Cir. 2002) amended, 320 F.3d 905 (9th Cir. 2003) ("Although the allegations here are voluminous, they do not rise to the level of specificity required under the PSLRA. The allegations consist of vague claims about what statements were false or misleading, how they were false, and why we can infer intent to mislead. We have dismissed much more specific and compelling allegations.").

Additionally, the PSLRA requires that a plaintiff plead facts that raise a strong inference that the alleged misstatements were intentionally false, misleading, or made with deliberate recklessness. *Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001). "To meet this pleading requirement, the complaint must contain allegations of specific 'contemporaneous statements or conditions' that demonstrate the intentional or the deliberately reckless false or misleading nature

---

[3] Plaintiffs also stress that no prospectus was provided – though it is unclear why this alleged failure has any bearing on their 10b-5 Securities Fraud claim.

7

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

of the statements when made." *Id.*  Plaintiffs have provided little to no information as to when Blakey supposedly made any false statements, neither have they provided any allegations of contemporaneous statements or conditions demonstrating scientor.

In short, Plaintiffs' claim for 10b-5 Securities Fraud has fallen well short of the stringent pleading standards of the PSLRA, and must be dismissed.

**D.   Plaintiffs Fail to Plead Fraud With Specificity**

Most of Plaintiffs' claims sound in fraud.  As Moving Defendants discussed in their Motion, averments of fraud or mistake are subject to Rule 9(b), which requires that "the circumstances constituting fraud ... be stated with particularity." "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).  Plaintiffs' Complaint provides little to no detail regarding any misstatements, let alone times, dates, places, etc.  As a result, each of Plaintiffs' claims for relief that sounds in fraud (i.e., all of them except of Count Two for Breach of Contract, and possibly Count Eight for Declaratory Relief) fails to conform to Rule 9(b) and must be dismissed.

In their Opposition, Plaintiffs attempt to salvage their fraud claims by arguing that they have, indeed, stated facts with requisite particularity.  Opp. at 6:15 – 8:2.  As example, Plaintiffs cite the following allegations from their "Russian Diamond" investment: "From January 2004 through May 2007 the Fodors made a series of 32 payments for a total of $1,251,524.00 … From 2004 through 2011 Mr. Blakey advised the Fodors that the time to sell had not yet arisen."  Opp. 2:8-11.  However, Plaintiffs' chosen example illustrates the insufficiency of their allegations.  The only statement alleged in this example – that "Mr. Blakey advised the Fodors that the time to sell had not arisen"[4] – was

---

[4] While not a subject of the current motion – the Complaint does not explain why advising the Fodors not to sell their diamonds qualifies as a fraudulent statement.

8

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

apparently voiced by Blakey on one or more occasions *over the course of seven years*.  This does not even approach the requisite specificity.  See *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999) ("allegations such as '[d]uring the course of discussions in 1986 and 1987,' and 'in or about May through December 1987' do not make the grade under Rule 9(b).").  As explained further in Moving Defendants Motion, this lack of specificity pervades Plaintiffs' Complaint.

Accordingly, each of Plaintiffs' claims for relief sounding in fraud must be dismissed.

Rather than addressing Moving Defendants' actual arguments, Plaintiffs appear to argue that their California state law claims are not, in fact, state claims at all, but are actually federal securities claims arising out of the Securities Act of 1933 ("'33 Act").  Specifically, Plaintiffs indicate that their claims arise out of sections 11 (15 U.S.C.A. § 77k), 12(1) (15 U.S.C.A. § 77l(a)(1)) and 12(2) (15 U.S.C.A. § 77l(a)(2)) of the '33 Act.  Opp. at 3:13- 6:13.  Apparently, Plaintiffs believe that if they can convince this Court that their state law claims are, in fact, '33 Act claims, they will be excused from pleading fraud with specificity.[5]  This argument fails for at least three reasons:

### 1.   Plaintiffs Have Not Pleaded '33 Act Claims

First, Plaintiffs' have clearly *not* pleaded claims for relief under the ''33 Act. Plaintiffs' only securities claim for relief is brought under the Securities and Exchange Act of 1934 ("'34 Act"), 15 U.S.C. Section 78j, and Rule 10b-5.  This

---

[5] As noted, Plaintiffs appear to be unable to distinguish between Defendants' Rule 9(b) arguments – which extend to all claims except Breach of Contract and Declaratory Relief – and their PSLRA arguments, which are limited to Plaintiffs' 10b-5 Securities Fraud action.  Plaintiffs do appear to argue that their remaining claims – as purportedly arising under the '33 Act – do not need to be plead with specificity.  See e.g., Opp. at 5:15 -6:13.

9

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

claim is the only federal count in Plaintiffs' Complaint, and is the stated basis for this Court's jurisdiction. See Complaint ("Comp.") at ¶¶ 1-2. Plaintiffs' remaining counts are clearly state claims arising under California law, including Breach of Contract, Negligent Misrepresentation, Fraud and Deceit, Fraudulent Inducement to Invest, Receipt of Stolen Property pursuant to California Penal Code § 496(c), and Constructive Fraud.[6] Plaintiffs neither raise the '33 Act in their Complaint, nor indicate in any way that it was their intention to bring an action pursuant to its terms.

Moreover, Plaintiffs implicitly acknowledge in their Complaint that the Court does not have original jurisdiction over these claims, as they cite 28 U.S.C. 1367(a) (supplemental jurisdiction) as the sole bases for their inclusion. Comp. at ¶3.

### 2. '33 Act Claims Are Subject to Rule 9(b)

Second, even if Plaintiffs had pled claims under the '33 Act, they would still not be excused from pleading fraud with specificity. Sections 11 and 12 of the 1933 Act are not governed by the heightened pleading standards of the PSLRA, but they are subject to Rule 9(b) when they sound in fraud. *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 1037 (S.D. Cal. 2005) citing *Falkowski,* 309 F.3d at 1133-34. Even if Plaintiffs had intended to plead '33 Act claims, these claims would still fail for non-compliance with Rule 9(b).

/ / /

/ / /

/ / /

---

[6] Plaintiffs' eighth cause of action for Declaratory Relief, even if brought under the Declaratory Judgment Act, does not constitute a federal question. It is well settled that the operation of the Declaratory Judgment Act is procedural only and, although enlarging the range of available remedies, does not extend the jurisdiction of federal courts. 28 U.S.C.A. § 2201. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

10

### 3.     The Statute of Limitations Have Run on all Potential '33 Act Claims

Finally, even were this Court inclined to allow Plaintiffs an opportunity to amend their Complaint to try to plead these '33 Act claims, they would not be able to do so, because the statutes of limitations on these claims have already run.[7] Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

The statutes of limitations for each of the '33 Act claims are set forth in section 13 of the '33 Act, 15 U.S.C.A. § 77m, which provides:

> No action shall be maintained to enforce any liability created under section 77k or 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(a)(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77l(a)(1) of this title more

---

[7] There are myriad other reasons why the '33 Act claims are inapplicable to Plaintiffs' facts, even assuming, *arguendo*, that Plaintiffs can show that the various alleged investments were "securities."  For example, Sections 11 and 12(a)2 of the '33 Act provide a private right of action for misstatements or omissions in a prospectus.  See *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1162; 1182 (C.D. Cal. 2008).  Plaintiffs have alleged that Defendants never provided any prospectus, negating an essential element of these claims.  Furthermore, the Supreme Court has expressly limited the scope of section 12(a)2 claims to initial public offerings, and not private securities transactions. *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 567 (1995).  Plaintiffs have not alleged that any such public offerings were ever made.  In any case, while the arguments against the applicability of the '33 Acts are numerous, they are largely superfluous in light of Plaintiffs' inability to avoid or plead around the statute of limitations.

11

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

> than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale.

In short, each claim under the '33 Act has an absolute statutory three year bar from the initial offer or sale, regardless of when Plaintiffs' allegedly discovered the purported wrongdoing.

While Plaintiffs' Complaint is ambiguous regarding when false statements were made, it is not so ambiguous as to the alleged dates of sale. The "Russian Diamond" transaction is alleged to have taken place between January, 2004 and May, 2007. Comp. ¶36. The "Eurotech Wheels" transaction allegedly occurred "over a period of time in 2005 and 2006." Comp. ¶41. The "Don Johnson Record Deal" allegedly occurred in 2006. Comp. ¶49. The "Pylon International Inc." deal allegedly took place in 2006 and 2007. Comp. ¶10. The "Charlie Air LLC" deal allegedly took place in 2007. Comp. ¶62. The "Chanel Air" deal took place prior to October, 2007. Comp. ¶78.

Each and every one of these alleged transactions occurred in or before 2007. Thus, given their absolute three year statute of limitations, all of these claims were time-barred at the end of 2010.[8] Plaintiffs brought their Complaint in October, 2011. Therefore, even if Plaintiffs could conceivably state '33 Act claims, their time to bring these claims has expired.[9]

---

[8] In fact, most of the claims would have been barred well before 2010. The repose clock for registered securities begins on the first true public offering date-usually the effective date. *In re Countrywide Fin. Corp. Sec. Litig.*, CV07-05295-MRP MANX, 2009 WL 943271 (C.D. Cal. Apr. 6, 2009).

[9] Only the allegations relating to "Investment Grade Watches," which Plaintiffs allege took place during the period between 2006-2010, are within the statutory deadline. However, as pled, this so-called "investment" cannot qualify as a securities transaction even under the broadest of definitions. Plaintiffs have pleaded that Blakey sold watches directly to Peter Fodor, and that the watches did not comport with Fodor's expectations. Comp. ¶81-84. Merchandise – even an "investment grade" watch – does not qualify as a "security" under the '33 Act's

12

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

## III. CONCLUSION

For the foregoing reasons, Moving Defendants' Motion should be granted in its entirety.

DATED:  February 13, 2012          DONGELL LAWRENCE FINNEY LLP

By:   */s/ John A. Lawrence*
          John A. Lawrence
          Benjamin L. Caplan
Attorneys for
Michael Ian Blakey, aka Michael Blake, aka Lord Michael Blakey, an individual; Michael Blakey, Inc., a California corporation; The Michael Blakey Revocable Trust, a trust; Michael Blakey Trust, a trust; The Blake Revocable Trust, a trust; Blake Trust, a trust; Organica Music Group, LLC, a Nevada limited liability company; and Electra Star Management, LLC, a California limited liability company.

definition.  See 15 U.S.C.A. § 77b(a)(1).  Nor does a watch constitute a "security" under Plaintiffs' alternative definition, provided earlier in their Opposition: "Almost anything is a security if it represents an investor putting capital into a company."  Opp. at 4:18-20.  A watch clearly does not represent "an investor putting capital into a company."  As the "Investment Grade Watches" deal did not involve a Security, it cannot be the basis of a securities claim.

13

**PROOF OF SERVICE - CCP §§ 1013a, 2015.5**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.

On the date set forth below, I served the foregoing document described as follows:

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

on the interested parties in this action by placing ___ the original/ X  a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[  ]     BY MAIL  I deposited such envelopes in the mail at Los Angeles, California.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

[   ]    BY PERSONAL SERVICE  I caused such envelope to be delivered by hand to the offices of the addressee(s).

[   ]    BY FEDEX  I caused such envelopes to be served via FedEx.  I am readily familiar with the firm's practice of collection and processing of correspondence for FedEx.  Under that practice it would be deposited in a box or other facility regularly maintained by FedEx for next day delivery.

[   ]    BY FACSIMILE MACHINE:  The foregoing document was transmitted to the attached named person(s) by facsimile transmission from (213) 943-6101 on said date and the transmission was reported as complete and without error.

[ X ]   BY ELECTRONIC TRANSMISSION:  The foregoing document was transmitted via electronic mail to the addressee via CM/ECF e-filing on the Court's website.

[  ]     (STATE)  I declare under penalty of perjury that the foregoing is true and correct.

[X]     (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 13, 2012, at Los Angeles, California.

_/s/ Shana Powers_
Shana Powers

14

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT